UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES ALVIN CUMMINGS | CIVIL ACTION 1:18-CV-00164 |
| VERSUS | JUDGE DRELL |
| SERGEANT FORD, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Plaintiff filed a motion for a temporary restraining order in his complaint (Doc. 1). Because Cummings has not shown that irreparable injury will occur if injunctive relief is not provided before this case is heard on the merits, that motion should be denied.

### I. Background

Plaintiff Charles Alvin Cummings ("Cummings") filed a civil rights complaint pursuant to 28 U.S.C. § 1983, *in forma pauperis*, against Lt. Bobby Hicks, Sgt. Ford, Sgt. David, Sgt. Ewing, and Capt. Anderson, all correctional officers employed at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Cummings alleges Defendants used excessive force against him and denied him medical care. Cummings seeks monetary damages. Cummings also asks for a temporary restraining order ("TRO"), enjoining Defendants from harassing, threatening, and beating him, and ordering them to provide him with medical care.

Cummings alleges that, while he was incarcerated in RLCC in January 2018, he was moved to a cell where he had a "known enemy." On January 13, 2018, he and

another inmate, Chandler Ebarb, had a verbal altercation. Later that day, Cummings threw a carton of feces on Ebarb when Ebarb walked past. When Ebarb walked past again, Ebarb threw an "unknown liquid" on Cummings. Cummings contends Sgt. Ford and Lt. Hicks witnessed the events and did nothing.

On January 14, 2018, Cummings, again armed with another carton of feces, waited for Ebarb to walk past. Cummings had also wrapped himself in a blanket to protect himself from Ebarb's "liquid." Lt. Hicks saw Ebarb approach Cummings's cell with something in his hand, and demanded that Ebarb drop it. They argued, but Capt. Anderson arrived and demanded that Ebarb drop it, and he complied. Lt. Hicks then noticed Cummings was draped in a blanket and holding a carton of feces, and demanded that Cummings pour it into the toilet. Cummings refused and argued, so Capt. Anderson returned and told Cummings to pour the feces into the toilet. Cummings again refused to comply, so Anderson and Hicks left, then returned with a can of mace. Cummings contends "reflex caused [him] to throw feces in their direction." Capt. Anderson then maced Cummings "excessively." Anderson and Hicks left again.

Cummings then tied his cell door shut with a piece of sheet "to prevent Lt. Hicks and Capt. Anderson from entering [his] cell in case of an ambush." When Hicks and Anderson returned, they told Cummings to untie the sheet and step to the bars for restraints. Cummings complied. Cummings contends he was then "aggressively" escorted to the closet in the unit key, shoved in by Sgt. David, and punched and kicked by Lt. Hicks, Sgt. Ford, Sgt. Ewing, and Capt. Anderson. Cummings was then taken

2

to medical for an emergency sick call, and his vital signs were taken. Cummings reported a "possible broken rib, back pain, a busted lip, [and] a busted nose."

Cummings contends that, since then, he has been harassed by the officers, he has often been served meals by "enemies" so he has not been able to eat those meals, he still has not had x-rays, and he was again beaten by officers (in the same closet) on January 28, 2018.

## II.  Law and Analysis

Cummings asks for a TRO to enjoin the officers from harassing and beating him, to order them to have him x-rayed, and to transfer him to another facility.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice.  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Cummings has not shown that immediate and irreparable injury, loss, or damage will result before Defendants can be heard in this matter, nor has he shown why notice to Defendants should not be required. Therefore, Cummings's motion for a TRO should be denied.

In order for Cummings to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened

3

injury outweighs the threatened harm the injunction may do to the opposing party; and (4) that the court granting the injunction will not disserve the public interest. See Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981). Cummings has not shown there is a "substantial likelihood that his cause will succeed on the merits" or a substantial threat of irreparable injury. Therefore, to the extent Cummings's motion is also for a preliminary injunction, that motion should be denied.

Finally, this Court cannot order Defendants to transfer Cummings to another facility. The Due Process clause of the Fourteenth Amendment does not endow a prisoner with a protected liberty interest in the location of his confinement. See Meachum v. Fano, 427 U.S. 215, 228 (1976); see also Taylor v. Carlize, 172 Fed. Appx. 589, *1, n.3 (2006); see also Siebert v. Chandler, 586 F3d.Appx. 188, 189 (5th Cir. 2014). Therefore, Cummings is not entitled to injunctive relief ordering a transfer to another prison.

### III. Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Cummings's motion for injunctive relief (Doc. 1) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy

of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __13th__ day of March, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge