UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CHARLES ALVIN CUMMINGS JR.  CIVIL ACTION NO. 1:18-CV-164-P
Plaintiff

VERSUS  JUDGE DEE D. DRELL

SGT. FORD, ET AL.,  MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Charles Alvin Cummings Jr. ("Cummings") (#397892). Cummings was granted leave to proceed *in forma pauperis*. (Doc. 8). Cummings is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Cummings alleges he was subjected to excessive force and is in imminent danger of serious physical injury.

I.  Background

Cummings states that, on January 13, 2018, he threw a milk carton of feces on another inmate as the inmate passed Cummings's cell on his way to the shower. (Doc. 1, p. 5). When the inmate was walking back from the shower, he threw an unknown liquid substance on Cummings. (Doc. 1, p. 5).

Cummings states that, the following day, he "again possessed a milk carton filled with human feces to throw on another offender who was in the shower and who had threatened to throw something" on Cummings. (Doc. 1, p. 6). Lt. Hicks noticed

that the other offender was holding something, and Lt. Hicks ordered the offender to drop what he was holding. The offender complied. (Doc. 1, p. 6). Lt. Hicks then noticed Cummings was holding another carton of feces. He ordered Cummings "to pour the feces out in the toilet." (Doc. 1, p. 6). Cummings "refused to pour out the feces." (Doc. 1, p. 6). Lt. Hicks called Cpt. Anderson to the scene, and Cpt. Anderson also ordered Cummings to put the feces in the toilet. (Doc. 1, p. 7). Again, Cummings refused to comply. (Doc. 1, p. 7).

Lt. Hicks and Cpt. Anderson left Cummings temporarily, but returned with pepper spray. Cummings then threw the feces at Lt. Hicks and Cpt. Anderson. (Doc. 1, p. 7). Cpt. Anderson sprayed Cummings with the pepper spray. (Doc. 1, p. 7). The officers left the cell. Cpt. Anderson returned with Sgt. David and placed Cummings in restraints. (Doc. 1, p. 7). Cummings was removed from the cell and escorted to a closet. Cummings alleges that Lt. Hicks, Sgt. David, Sgt. Ford, Sgt. Ewing, and Cpt. Anderson all punched and kicked Cummings in the closet for approximately five minutes. (Doc. 1, p. 8).

Cummings was examined by a nurse. Cummings complained of rib pain, back pain, a "busted lip," and a "busted nose." (Doc. 1, p. 8). Following the examination, Cummings was returned to his cell. (Doc. 1, p. 8). Cummings complains that he did not receive an x-ray. (Doc. 1, p. 8).

Cummings claims that he was again beaten in the closet two weeks later by Lt. Vanetta and Major Dupree. (Doc. 1, p. 8). Cummings provides no factual allegations surrounding this incident.

II. <u>Law and Analysis</u>

Cummings has filed numerous civil actions and appeals in the federal courts, at least three of which were dismissed as frivolous, malicious, or for failing to state a claim for which relief can be granted.[1]

A prisoner shall not be granted pauper status under § 1915(g) if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his first complaint, filed on February 7, 2018, Cummings claims that he is in imminent danger because, since throwing feces on the officers, Cummings has been "harassed" by correctional officers during every shift. (Doc. 1, p. 8). Cummings also claims to be in imminent danger because he was allegedly beaten a second time. Finally, Cummings claims that he is in imminent danger because he has not received an x-ray. (Doc. 1, p. 8).

Cummings filed an amended complaint on February 27, 2018, in which he provided Defendants' full names. (Doc. 9). In the amended complaint, Cummings

---

[1] <u>Cummings v. McCormick, et al.</u>, 2:13-cv-4319 (E.D. La.); <u>Cummings v. Nail</u>, 5:12-cv-2605 (W.D. La.); <u>Cummings v. Nail, et al.</u>, 5:12-cv-2691 (W.D. La.).

does not allege suffering any further physical harm since filing the original complaint. (Doc. 9).

On March 5, 2018, Cummings filed a motion to appoint counsel. (Doc. 12). In his motion, Cummings also asks that the Court order RLCC to allow Cummings to use "reserve funds" to purchase a legal text. (Doc. 12). Again, Cummings does not complain about any additional incidents of physical harm. (Doc. 12).

The Eastern District of Texas has summarized:

> The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul–Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

Calton v. Wright, 6:14-CV-212, 2014 WL 2300436, at *6 (E.D. Tex. May 29, 2014); Jensen v. North, 9:11-CV-156, 2012 WL 2526949, at *3 (E.D. Tex. May 9, 2012), report and recommendation adopted, 9:11CV156, 2012 WL 2524264 (E.D. Tex. June 29, 2012); see also King v. Livingston, 212 Fed. Appx. 260, 262 (5th Cir. 2006) (allegations that plaintiff has been assaulted several times by defendants or other inmates, and defendants have attempted to cause serious injury to plaintiff from the time of Hurricane Rita to the present, were not sufficient to avoid the application of the three-strikes bar).

Although Cummings claimed he was in imminent danger at the time the complaint was filed, his claim is based on past alleged harms and a conclusory allegation that he is in need of an x-ray. Cummings does not present "a genuine emergency" where "time is pressing." Calton, 6:14-CV-212, 2014 WL 2300436, at *6 (citing Heimerman, 337 F.3d at 782). Moreover, in the one month since the complaint was filed, Cummings has not reported suffering any additional harm or threats of harm.

Additionally, Cummings claims his pen and paper was taken from him because he is in mental health observation, and he is not able to send or receive legal mail. (Doc. 14). Therefore, Cummings alleges he is prevented from litigating this case. Cummings has managed to submit eight filings to this Court in a one-month period, some in response to court orders. (Docs. 1, 6, 9, 11, 12, 13, 14, 15). Clearly Cummings is able to draft, send, and receive mail to and from the Court.

Because Cummings has, on three or more prior occasions, while incarcerated or detained in a facility, brought an action or appeal that was dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, and because he is not in imminent danger of serious physical injury, Cummings is not entitled to proceed *in forma pauperis*.

THEREFORE, the Order granting Cumming's application to proceed *in forma pauperis* (Doc. 8) is hereby REVOKED and RESCINDED.

IT IS FURTHER ORDERED that his motions for legal mail and materials and motion to appoint counsel (Docs. 12, 14) are hereby DENIED.

5

IT IS ORDERED that, in order for this complaint to remain viable, **Cummings must pay the full filing fee of four hundred dollars ($400.00) within twenty (20) days from the date of this order.** <u>**FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.**</u>

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  22nd day of March, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge